IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FREDERICK W. BAUER,

        Petitioner,   :        Case No. 3:13-cv-142

  - vs -        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

U. S. ATTORNEY GENERAL,

        Respondent.   :

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought pursuant to 28 U.S.C. § 2241 by Petitioner Frederick W. Bauer. Bauer avers that he is in federal custody at the Federal Correctional Center in Texarkana, Texas (Petition, Doc. No. 1-1, PageID 4, ¶ 2.) He was sentenced to his current term of imprisonment by the United States District Court for the Western Division of Wisconsin at Madison in January, 1988, and April, 1989. *Id.* at ¶ 4.

The Petition should be dismissed without prejudice because the Attorney General of the United States is not the proper party respondent and this Court therefore does not have authority to grant a habeas corpus petition dealing with Petitioner's imprisonment in Texas.

28 U.S.C. § 2241(a) provides "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." This provision of law requires that "the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 498-98 (1973). Even though the form of commitment on a federal sentence is "remanded to the custody

1

of the Attorney General of the United States," the Supreme Court has made it clear that the proper custodian is the warden of the place of confinement and therefore a § 2241 petition should be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

The Petition should therefore be dismissed without prejudice to its refiling in the proper United States District Court, the Eastern District of Texas.

May 7, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).